UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number: 11-21349-CIV-MORENO

THE LAW OFFICES OF DAVID J. STERN,
P.A.,

      Plaintiff,

vs.

BANK OF AMERICA CORP., BANK OF
AMERICA N.A., and BAC HOME LOANS
SERVICING, L.P.,

      Defendants.

_____/

### ORDER DENYING MOTION TO DISMISS

Plaintiff, the Law Offices of David J. Stern, filed suit to collect unpaid legal fees for work done on foreclosure actions for Defendants. Plaintiff's claims are for breach of an oral agreement, open account, account stated, and *quantum meruit*. Defendants have moved to dismiss the claims, but for Count 9, a cause of action for breach of a written contract. The Court finds the Statute of Frauds does not bar Plaintiff's claims for breach of an oral agreement. The Court also finds that Plaintiff sufficiently states causes of action for open account and account stated. Finally, the Court finds Plaintiff is able to plead in the alternative and can state claims for *quantum meruit*. Accordingly, the Court denies the motion to dismiss.

THIS CAUSE came before the Court upon **(D.E. No. 29)**, filed on **July 12, 2011**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. Defendants shall respond to the complaint by no later than **January 25, 2012**.

## I.  Background

Plaintiff, The Law Offices of David J. Stern, P.A., filed an eleven count Amended Complaint against Bank of America, Corp., a Delaware corporation, Bank of America, N.A., a national association headquartered in North Carolina, and BAC Home Loans Servicing, L.P., a Texas limited partnership.

This case stems from Plaintiff's former representation as legal counsel for Bank of America in residential foreclosure cases throughout Florida.  Plaintiff is a Plantation, Florida based law firm that, at the peak of operations, employed some 1200 attorneys and support staff.  In this fee dispute, Plaintiff contends that Bank of America entered into three contracts - two oral and one written - for legal services.

Plaintiff makes breach of contract, open account, account stated, and *quantum meruit* claims against Bank of America Corp. (Counts 1-4) and Bank of America, N.A. (Counts 5-8).  Plaintiff makes breach of contract, open account, and account stated claims against BAC Home Loans Servicing, L.P. (Counts 9-11).  These claims stem from legal work that Plaintiff performed that Defendants failed to pay.  Plaintiff claims Bank of America, Corp. and Bank of America, N.A. owe $1,967,317.70 and BAC Home Loans Servicing, L.P. owes $8,788,037.38. The claims against Bank of America, Corp. and its subsidiary Bank of America, N.A, are identical; they are based on oral contracts and seek the same relief.

Plaintiff attaches three exhibits to the Amended Complaint – two alleged account statements and one written contract.[1]  Exhibits A and C are hundreds of pages of billing totals of unpaid legal

---

[1]The original complaint filed in this matter attached Exhibit A and B.  Although the Amended Complaint references the same exhibits, the actual filing did not attach the Exhibits. The Motion to Amend the Complaint did attach the Exhibits and the parties' briefs both reference the Exhibits.

fees.  The claims against BAC Home Loans Servicing, L.P. originate from a contract Plaintiff entered with Countrywide Home Loans in 2003, which is Exhibit B to the Amended Complaint. Bank of America purchased Countrywide Home Loans in 2008 and assumed all its assets and liabilities.  Plaintiff alleges the loan servicing operations of Bank of America, Corp. and Countrywide were merged into BAC.

Defendants have moved to dismiss ten of the eleven counts in the Amended Complaint. The only surviving claim, in Defendants' view, is Count 9, the breach of contract claim against BAC Home Loans Servicing, L.P., as that is the only claim that stems from a written contract.

## II. Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986).  This tenet, however, does not apply to legal conclusions.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.  Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950.

### III. Legal Analysis

A. *Breach of Contract Claims against Bank of America Corp. and Bank of America, N.A. (Counts 1 and 5)*

Counts 1 and 5 of the Amended Complaint are for breach of contract against Bank of America, Corp. and Bank of America, N.A.   Defendants have moved to dismiss this claim based on Florida's Statute of Frauds, § 725.01, Fla. Stat..  Florida Statute § 725.01 states:

> No action shall be brought . . . upon any agreement that is not to be performed within the space of 1 year from the making thereof, . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.

§ 725.01, Fla. Stat.  The plain meaning of the statute is that when services are performed over a period longer than one year, and the agreement to perform those services is not memorialized by a written document, the Statute of Frauds bars enforcement.

The Florida Supreme Court, in *Yates v. Ball*, 181 So. 341, 344 (1937) explained that even if performance runs beyond the year, the Statute of Frauds may not apply. *See also Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, No. 10-61997-CIV, 2011 WL 845825, at *3-4 (S.D. Fla. March 7, 2011).  The key issue is whether the contract could have been fully performed within one year. *See Byam v. Klopcich*, 454 So. 2d 720, 721 (Fla. 4th DCA 1984). Moreover, the Statute of Frauds does not serve as a defense when "an oral contract has been fully performed by one party. . .." *Gerry v. Antonio*, 409 So. 2d 1181, 1183 (Fla. 4th DCA 1982); *Capone v. Estate of Ison*, No. 06-80945-CIV, 2007 WL 7144356, at *2-3 (S.D. Fla. May 29, 2007).

In a similar case, earlier this year, Judge Altonaga denied a motion to dismiss finding Florida's Statute of Frauds did not bar the Law Office of David Stern's oral contract claim against

-4-

U.S. Bank.  She writes:

> Generally, an oral contract of 'indefinite' duration is only barred by
> the Statute of Frauds when the contract could not 'possibly be
> performed within one year of the agreement.'  Under a fair reading of
> the Complaint, the parties could have fully performed their respective
> obligations within a one-year period.   Moreover, Plaintiff has
> allegedly fully performed its obligations under the oral contract.
> Thus, the oral contract is 'no longer within the purview of the Statute
> of Frauds.'

*Law Offices of David Stern, P.A. v. U.S. Bank, Nat'l Assoc.*, No. 11-21397 (D.E. No. 27 at 4).

Defendants argue this case is unlike the *U.S. Bank* case and this Court should find the Statute

of Frauds bars enforcement of the oral contract.   To support this argument, Defendants point to

Exhibit A of the Amended Complaint.   Exhibit A lists thousands of alleged transactions over a

period of more than two years.  Defendants argue this Exhibit supports its argument that Plaintiff is

alleging it intended to perform legal work for Defendants for at least two years. Moreover,

Defendants point to language in the Amended Complaint indicating the parties had an "expectation

of future transactions" with the Bank.  *See Amended Complaint* at ¶ 17 & 34; *see also Harris v. Sch.*

*Bd. of Duval Cty*, 921 So. 2d 725, 733 n.8 (Fla. 1st DCA 2006) ("Appellants alleged an oral contract

requiring payments over a period of more than one year.   Any such contract would fall within the

purview of the statute of frauds, and be deemed invalid as a matter of law.").

Although Defendants urge this Court that Exhibit A attached to this Amended Complaint

differentiates this case from *U.S. Bank*, it does not.  Judge Altonaga found this same argument failed

in *U.S. Bank* and this Court agrees with her analysis.  Recognizing the argument, she writes: "Here,

U.S. Bank contends that the Firm seeks payment for work performed over multiple years."  *U.S.*

*Bank*, No. 11-21397 at 4 (D.E. No. 27).  She then finds that the Statute of Frauds does not require

-5-

dismissal of the breach of oral contract claim. *Id.*

This Court agrees with *U.S. Bank*.  The relevant inquiry is the intent of the parties and not the time in which the agreement was actually performed.  Nothing in Plaintiff's allegations indicates that the parties' understanding was that the contract would extend beyond a year.  Moreover, the Court does not find the language in the Amended Complaint indicating the Plaintiff had an "expectation of future transactions" compelling enough to warrant finding the parties intended the contract to extend beyond the year.

Finally, the Court does not find the Statute of Frauds bars Plaintiff's claim for breach of oral contract because the Plaintiff alleges that it fully performed under the oral contract. *Gerry*, 409 So. 2d at 1183.  Accordingly, the Court denies the Defendants' Motion to Dismiss the claims for breach of oral contract.

B. *Open Account Claims against all Defendants (Counts 2, 6, and 10)*

An open account is "defined as an unsettled debt arising from items of work and labor, goods sold and delivered, with the expectation of further transactions subject to future settlement and adjustment." *Robert W. Gottfried, Inc. v. Cole*, 454 So. 2d 695, 696 (Fla. 4th DCA 1984).  The elements of an action for open account as (1) a contract between creditor and debtor; (2) where the amount claimed by the creditor represents either an agreed on sales price or the reasonable value of goods delivered; and (3) that goods were actually delivered. *Evans v. Delro Indus., Inc.*, 509 So. 2d 1262, 1263 (Fla. 1st DCA 1987); *Idearc Media Corp. v. Premier Limousine, LLC.*, No. 8:08-CV-1695-T-30MAP, 2009 WL 482293, at *2 (M.D. Fla. Feb. 25, 2009) (finding the cause of action also applies to services, in addition to the sale of goods).

Defendants argue the open account claims are materially indistinguishable from the breach

of contract claims.  In reviewing the open account claim in *U.S. Bank*, Judge Altonaga denied the motion to dismiss and  found this Plaintiff set forth a viable cause of action for open account. In *U.S. Bank*, the claim for open account is indistinguishable from the claims in this case and the Court finds Judge Altonaga's analysis compelling.  She analyzes the Florida and Federal Forms and finds that the brevity required to state a cause of action for open account is met.

In *Contractors Unlimited, Inc. v. Northracks Equip. SE*, 833 So. 2d 286, 287-88 (Fla. 5th DCA 2002), the court concluded that the statement at issue . . . "is an itemized copy reflecting unpaid invoices sufficient to support the cause of action for open account." *Id.* The documents attached to the complaint list a bill number, an invoice date, a foreclosure matter code, a loan number and a client name.  This information is sufficient to state a claim under *Twombly*.

Moreover, the Plaintiff met the requirements of both the Florida Forms and the Federal Forms to state a claim for open account.  *See* Fla. R. Civ. P. Form 1.932 (Open Account); Fed. R. Civ. P. Form 10.  In *U.S. Bank*, Judge Altonaga found a nearly identical claim by this very Plaintiff to sufficiently state a claim for open account. *U.S. Bank*, No. 11-21397 at 6 (D.E. No. 27). This Court agrees and denies the motion to dismiss the open account claim.

C. *Account Stated Claims against all Defendants (Counts 3, 7, and 11)*

"An account stated is defined as an agreement between persons who have had previous transactions, fixing the amount due in respect to such transactions and promising payment." *Nants v. FDIC*, 864 F. Supp. 1211, 1219 (S.D. Fla. 1994). "[F]or an account stated to exist, there must be agreement that a certain balance is correct and due, and an express or implicit promise to pay that balance." *S. Motor Co. of Dade Cty. v. Accountable Constr. Co.*, 707 So. 2d 909, 912 (Fla. 3d DCA 1998). "Although the plaintiff must show that, at the time of stating the account, there had been

-7-

previous dealings and transactions with the defendant, it is not necessary to 'show the books of original entries from which the account is made up since the very object in rendering, stating, and settling accounts is to avoid the necessity of making such proof." *Nants*, 864 F. Supp. at 1220 (quoting 1 Fla. Jur. 2d Accounts and Accounting § 14).

Defendants argue that Plaintiff's claims for account stated fail because Plaintiff has not alleged a meeting of the minds showing that Defendants agreed to pay the amounts shown in the account statements. This simply is not the case. The Amended Complaint alleges that Defendants agreed to the balance and did not object to the statements. *See* Amended Complaint at ¶ 19, 20, 36, 37, 56, and 57. Accordingly, the Court finds the Plaintiff sufficiently states a claim for account stated. *See U.S. Bank*, No. 11-21397 at 6 (D.E. No. 27) (denying motion to dismiss account stated claim).

D. *Quantum Meruit Claims (Counts 4 and 8)*[2]

The elements for a claim of quantum meruit, as set forth in the Amended Complaint at counts IV and VIII are: "a plaintiff must show that the plaintiff provided and defendant assented to and received, a benefit in the form of goods and services under the circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it." *Babineau v. Fed. Express Corp.*, 576 F.3d 1183, 1194 (11th Cir. 2009) (quoting *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 305 (Fla. 1st DCA 1999)).

Defendants contend that Plaintiff cannot assert a quantum meruit claim because it has alleged in other counts a claim for breach of an oral agreement. The Court finds Plaintiff is entitled to plead this alternative theory of recovery and denies the motion to dismiss. *Sierra Equity Group, Inc. v.*

---

[2] Defendants initially moved to dismiss the quantum meruit claims of the Amended Complaint. Defendants, however, did not address Plaintiff's arguments in their reply brief. The Court nevertheless addresses the arguments.

*White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213, 1229 (S.D. Fla. 2009); *White Park Software Ltd. v. XOD, Inc.*, No. 09-61765, 2010 WL 1856223 at *2 (S.D. Fla. May 10, 2010) ("Under Florida law, a party may simultaneously allege the existence of an oral contract and seek equitable relief under a theory of unjust enrichment.") (quoting *Thunderwave Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1565-66 (S.D. Fla. 1997)).

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of January, 2012.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record